# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-4032

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

  v.

BOBBY WAYNE DEBNAM,

   Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:17-cr-00100-BO-1)

Submitted:  August 16, 2018      Decided:  August 21, 2018

Before GREGORY, Chief Judge, TRAXLER and DIAZ, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Wayne Debnam pled guilty pursuant to a plea agreement to possession with intent to distribute 500 grams or more of cocaine and 100 grams or more of a mixture containing heroin and fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012). Debnam received a sentence within the advisory Sentencing Guidelines. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) indicating that there are no meritorious arguments for appeal, but raising for the court's consideration whether the within-Guidelines sentence was unreasonable. Debnam has filed a pro se supplemental brief raising several issues concerning his sentence. The Government has moved to dismiss the appeal in light of Debnam's waiver of his appellate rights. We grant the motion to dismiss, dismiss the appeal in part and affirm in part.

"A criminal defendant may waive the right to appeal if that waiver is knowing and voluntary." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017); *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). To determine whether the waiver is knowing and voluntary, we often look to the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, but ultimately the determination turns on "the totality of the circumstances." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted). In evaluating the totality of the circumstances, we consider "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (internal

quotation marks omitted).  We "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted).  Upon our review of the record, and in light of counsel's decision not to claim otherwise, we conclude that Debnam knowingly and voluntarily waived his right to appeal his convictions and a sentence within or below the Sentencing Guidelines range.  Accordingly, counsel's claim that the sentence was unreasonable, being within the scope of the appeal waiver, is barred from review.

We have reviewed Debnam's issues contained in his pro se supplemental brief and conclude that most of the issues are within the scope of the appeal waiver and will not be reviewed.  To the extent that Debnam raises an Eighth Amendment challenge to his sentence, we conclude that the issue is without merit.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal that are outside the scope of the appeal waiver or are not waivable by law.  Accordingly, we grant the Government's motion to dismiss and dismiss the appeal in part and affirm the district court's judgment as to any issue not precluded by the appeal waiver.  This court requires that counsel inform Debnam, in writing, of the right to petition the Supreme Court of the United States for further review.  If Debnam requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Debnam.  We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART; AFFIRMED IN PART